**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANA GLENDA MELENDEZ ALVARADO,<br>Petitioner,<br>v.<br>WARDEN, ADELANTO ICE PROCESSING CENTER, et al.,<br>Respondents. | Case No. 5:26-cv-05979-MBK<br><br>ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner Ana Glenda Melendez Alvarado is currently in the custody of the Department of Homeland Security ("DHS") at the Adelanto Detention Facility. Petitioner was admitted to the United States as a Lawful Permanent Resident ("LPR") in 2008. On November 18, 2025, Petitioner pled guilty to a violation of California Penal Code 273A(a), child abuse likely to cause great bodily injury. Immigration and Customs Enforcement ("ICE") took Petitioner

into custody on September 25, 2026, upon her release on parole from state prison.

In this habeas action, Petitioner alleges her detention violates the Due Process Clause and the Administrative Procedure Act ("APA"). Respondents oppose release due to Petitioner's criminal history but do not oppose providing Petitioner a bond hearing. For the reasons that follow, the Court finds Petitioner has not shown she is entitled to immediate release, but will order that Petitioner be provided a bond hearing.

## I. FACTUAL AND PROCEDURAL HISTORY

Petitioner Ana Glenda Melendez Alvarado is a native of El Salvador. Dkt. 8-1 at 2. She was admitted to the United States as an LPR on October 9, 2008. *Id.*; Dkt. 1 at 5. Prior to her detention, Petitioner had lived freely in the United States for seventeen years. Dkt. 1 at 6.

On November 18, 2025, Petitioner was convicted by plea of child abuse under circumstances/conditions likely to cause great bodily injury (Cal. Penal Code § 273A(A)). Dkt. 8-1 at 4. She was sentenced to two years in state prison. *Id.* On September 1, 2026, the California Department of Corrections and Rehabilitation ("CDCR") notified ICE that Petitioner was scheduled to be paroled on September 25, 2026. *Id.* at 2. On September 25, 2026, ICE officers interviewed Petitioner at her place of incarceration, the California Institution for Women State Prison in Corona, California, and concluded she was removable. *Id.* CDCR then released Petitioner into ICE custody. *Id.* ICE processed Petitioner for removal and served her with a Notice to Appear ("NTA"). *Id.* The NTA alleges Petitioner is removable under INA § 237(a)(2)(E)(i) on grounds of a criminal conviction for child abuse. *Id.* at 6. As of the date of this order, the Executive Office for Immigration Review's

Automated Case Information service indicates Petitioner is scheduled for a master hearing on December 3, 2026.

Petitioner filed the instant habeas petition on October 7, 2026. Dkt. 1. She alleges her detention violates her rights to procedural due process and substantive due process under the Fifth Amendment. *Id.* at 6. She also alleges her detention is capricious in violation of the Administrative Procedure Act. *Id.* Petitioner requests immediate release. *Id.* at 7.

Respondents filed their opposition on October 16, 2026. Dkt. 8. They argue the Petition does not allege a sufficient basis for release, given Petitioner's criminal history. *Id.* at 2. In support, Respondents provide Petitioner's Form I-213 (Record of Deportable/Inadmissible Alien), Form I-862 (Notice to Appear), Form I-200 (Warrant for Arrest of Alien), and the state court abstract of judgment for Petitioner's conviction. Dkt. 8-1 at 1-11. However, Respondents state they "are not presenting an opposition argument with respect to providing Petitioner a bond hearing at this time." Dkt. 8 at 2.

As of the date of this order, Petitioner has not filed a reply.

## II. DISCUSSION

Petitioner argues that she is entitled to release because ICE detained her without notice or a pre-deprivation hearing in violation of procedural due process. Dkt. 1 at 6. She also argues that "ICE has no reason to detain me as I am not a danger to the community or flight risks" and therefore her detention violates substantive due process and the APA. *Id.*

This Court has found that immigration authorities violated due process by re-detaining a noncitizen without notice and a pre-deprivation hearing. *See, e.g.*, *Sun v. Warden of Adelanto ICE Processing Center, et al.*, No. 5:26-cv-03595-MBK, 2026 WL 2058437, at *1 (C.D. Cal. July 14, 2026); *Yataco v.*

*Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *4 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026). However, in those cases, immigration authorities had released the noncitizen based on a determination that their detention was not necessary, only to later re-detain them without any material change in circumstances. The Court has applied the same reasoning to cases in which immigration authorities were aware of a noncitizen's presence in the United States, but permitted them to remain at liberty for years. *See Lyu v. Janecha*, No. 5:26-cv-05051-MBK, 2026 WL 2681631, at *3 (C.D. Cal. Sept. 13, 2026).

Here, there is no indication that immigration authorities previously determined that Petitioner was not a danger or flight risk—or otherwise permitted her to remain at liberty—after she became subject to removal. To the contrary, DHS took Petitioner into custody immediately following her release on parole from state custody. Dkt. 8-1 at 3. As such, the Court finds that Petitioner's detention without a pre-deprivation hearing did not violate due process or the APA, and that she has not otherwise shown that she is entitled to release.

Petitioner remains subject to detention pursuant to 8 U.S.C. § 1226(a) while her removal proceedings are pending. Section 1226(a) is "the default detention statute for noncitizens in removal proceedings." *Avilez v. Garland*, 69 F.4th 525, 529 (9th Cir. 2023). The statute provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings v.*

*Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Here, it does not appear that Petitioner has been afforded a bond hearing under 8 U.S.C. § 1226(a). In their Answer, Respondents state they "are not presenting an opposition argument with respect to providing Petitioner a bond hearing at this time." Dkt. 8 at 2. Accordingly, the Court concludes Petitioner should be provided a bond hearing under 8 U.S.C. § 1226(a) to determine whether her detention is justified.

## III. CONCLUSION

For the foregoing reasons, the Court ORDERS that: (1) Judgment be entered granting the Petition in part; (2) a writ of habeas corpus be issued requiring Petitioner Ana Glenda Melendez Alvarado's (A# 060-245-556) release from Respondents' custody unless she is afforded a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days;[1] and (3) that Respondents file a status report within ten (10) calendar days from the date of this order confirming compliance with the order.

Dated: November 5, 2026

HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE

[1] Nothing in this Order precludes Petitioner from seeking a continuance to prepare for the bond hearing or for any other legitimate reason.